IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------- x
In re:                          :  Chapter 11
                                :
                                :  Case No. 14-11763 (MFW)
SJC, Inc.                       :
                                :  **Related Docket Nos. 294**
          Debtor.               :
                                :
------------------------------- x

**ORDER GRANTING MOTION OF THE DEBTOR, PURSUANT TO SECTIONS 105(a), 305(a), AND 1112(b) OF THE BANKRUPTCY CODE, FOR ENTRY OF AN ORDER (I) APPROVING PROCEDURES FOR (A) THE DISMISSAL OF THE DEBTOR'S CHAPTER 11 CASE, (B) THE RECONCILIATION, RESOLUTION AND ALLOWANCE OF CERTAIN CLAIMS AGAINST THE DEBTOR AND THE MAKING OF DISTRIBUTIONS TO HOLDERS OF SUCH ALLOWED CLAIMS, AND (C) THE DISALLOWANCE OF CERTAIN CLAIMS AND (II) GRANTING CERTAIN RELATED RELIEF**

Upon the motion (the "Motion") of SJC, Inc., the debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Debtor"), pursuant to sections 105(a), 305(a), and 1112(b) of the Bankruptcy Code, for the entry of an order (I) approving procedures for (a) the dismissal of the Debtor's chapter 11 case, (b) the reconciliation, resolution and allowance of unsecured claims against the Debtor and the making of distributions to holders of such allowed claims, and (c) the disallowance of certain claims and (II) granting certain related relief; and this Court having reviewed the Motion[1] and having conducted a hearing on the Motion, at which time all parties-in-interest were given an opportunity to be heard; and it appearing that sufficient notice of the Motion having been given to parties-in-interest; and the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), (b) notice of the Motion and the opportunity for a hearing thereon was adequate and sufficient under the circumstances and no other or further notice need

---
[1] Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Motion.

1

be given, (c) the legal and factual bases set forth in the Motion constitute just cause for the relief granted herein, and (d) the relief requested in the Motion is in the best interests of the Debtor's estate and creditors; and after due deliberation and sufficient cause appearing therefor, it is hereby **ORDERED**, **ADJUDGED** and **DECREED** that:

1. The Motion is hereby GRANTED as set forth herein.

2. Counsel for the Debtor is authorized to distribute the funds held in the Account pursuant to the terms of this Order.

3. The following procedures shall govern the reconciliation, resolution and allowance of all claims asserted against the Debtor and the distributions to be made to holders of Allowed Claims (the "Claims Resolution Process"):

   (a) With respect to claims that have not, as of the Motion, been resolved by prior order of the Court, the claim amount asserted by a person or entity (each a "Claimant") who has filed a claim (or, in the absence of a filing, the claim as provided on the Debtor's schedules shall be deemed the allowed amount of such claim for purposes of the distribution to be made from the Account, subject to the variances in claim amounts noted on Exhibit A to the Motion and except that the Disallowed Claims will not be entitled to a distribution;

   (b) Any claim filed after the date of the Motion shall be deemed disallowed as an untimely filed claim, except to the extent that a proof of claim may be filed after the claims bar date under the conditions stated in Bankruptcy Rule 3002(c)(2), (c)(3), (c)(4), and (c)(6);

   (c) If a Claimant or other party disputes the amount of the Allowed Claim set forth on the Claims Schedule, such Claimant or other party (an "Objecting Party") shall be encouraged to contact counsel for the Debtor informally and attempt to resolve its dispute amicably, without the need to file a formal claim or objection;[2]

   (d) If an Objecting Party nevertheless wishes to file a formal objection, the Objecting Party shall be required to file such objection with the Court, together with documentation supporting its claim or objection (each "Claim Objection") on or before 4:00 p.m. Eastern Time on September 9, 2015 (the "Objection Deadline") and serve such

---

[2] Debtor's counsel should be contacted by e-mail at rdesai@bernsteinshur.com or by phone at (207) 774-1200.

2

Claim Objection on counsel for the Debtor so as to be received by the Objection Deadline. In any Claim Objection, the Objecting Party must state the grounds for its objection clearly and with particularity;

(e) The Debtor shall be authorized to resolve any Claim Objection without further order of the Court. If counsel for the Debtor and the Objecting Party cannot agree on a resolution, then an omnibus hearing to consider any such Claim Objection(s) will be held on <u>September 16</u>, 2015 at 12:30 p.m. Eastern Time (the "<u>Claims Hearing</u>");

(f) In the event that no Claim Objection is filed, or if all Claim Objections have been resolved prior to the Claims Hearing, counsel to the Debtor will file with the Court a Certification of Counsel and Proposed Order Authorizing Distribution on Account of Allowed Claims, substantially in the form annexed to the Motion as Exhibit B (the "<u>Distribution Order</u>"). The Distribution Order will (a) highlight any modifications made to the Claims Schedule, if any, to reflect agreements reached to resolve any formal or informal Claim Objections (b) authorize Debtor's counsel to make distributions on account of the Allowed Claims identified in the Claims Schedule annexed to the Distribution Order, and (c) schedule a final fee hearing;

(g) In the event that one or more Claim Objections is filed and not resolved prior to the Claims Hearing, counsel to the Debtor will submit to the Court a proposed Distribution Order promptly following the Court's ruling on such Claim Objection(s);

(h) Any Claimant or other interested party who does not timely file a Claim Objection shall be barred from subsequently asserting a claim against the Debtor or from challenging the proposed Allowed Claim amounts set forth in the Claim Schedule;

(i) Distributions on account of Allowed Claims that are priority unsecured claims will be made by counsel to the Debtor from the funds held in the Account within 10 days of the entry of the Distribution Order; and

(j) Distributions on account of Allowed Claims that are general unsecured claims will be made by counsel to the Debtor from the funds held in the Account, after distribution to the Allowed Claims that are priority unsecured claims and to case professionals, within 30 days of the Court's entry of an order approving the case professionals' final request for allowance and payment of all fees and expenses incurred during the Case.

4. Service of the notice of the filing of and hearing on the Motion upon the Claimants, those claimants included on the Disallowed Claims Schedule, and the other entities

and claimants listed in the Motion shall constitute good and sufficient notice of the filing of the Motion and all relief requested therein.

5. The requirements of Bankruptcy Rule 3007 and Local Rule 3007-1, with regard to claims objections and omnibus claims objections, are waived to the extent inconsistent with the Claims Resolution Process and the claims disallowance process.

6. Counsel to the Debtor shall administer distributions to holders of Allowed Claims from the funds held in the Account in accordance with the following guidelines governing distributions:

> (a) The Debtor shall be authorized to make a single distribution to creditors of the funds held in the Account;
>
> (b) Any distributed check that has not been claimed and/or cashed within 60 days after dispatch of the check (the "Check Cashing Period") shall be deemed void and the distribution on account of such claim shall be deemed forfeited by the creditor; and
>
> (c) Any funds remaining in the Account after the expiration of the Check Cashing Period shall be remitted to the Debtor.

7. After all distributions to holders of Allowed Claims that are priority unsecured claims are made, but before the Certification of Counsel and Request for Entry of the Proposed Order Dismissing Chapter 11 Case is filed, the Debtor shall schedule a final omnibus fee hearing and professionals shall each be required to file a final request for allowance and payment of all fees and expenses incurred during this case.

8. Within 30 days after entry of an order by the Court approving the final request for allowance and payment of all fees and expenses requested by case professionals, Debtor's counsel will distribute the remaining funds first, to pay, in full, any remaining amounts owed to the case professionals and, second, to pay the Allowed Claims that are general unsecured claims a *pro rata* share of the remaining funds.

9. The following procedures shall govern the disallowance of certain claims asserted against the Debtor:

(a) If a claimant wishes to object to the treatment of its claim as set forth on the Disallowed Claims Schedule, such claimant must file an objection with the Court on or before 4:00 p.m. Eastern Time on September 9, 2015 (the "Disallowed Claims Objection Deadline") and serve such objection on counsel to the Debtor by the Disallowed Claims Objection Deadline;

(b) In the event an objection (the "Disallowed Claims Objection") is filed, then an omnibus hearing to consider any and all Disallowed Claims Objections will be held on September 16, 2015 at 12:30 p.m. Eastern Time (the "Disallowed Claims Objection Hearing");

(c) In the event that no Disallowed Claims Objection is filed, or if all Disallowed Claims Objections have been resolved prior to the Disallowed Claims Objection Hearing, counsel to the Debtor will file with the Court a Certification of Counsel and Proposed Order Disallowing Certain Claims, substantially in the form annexed to the Motion as Exhibit D (the "Disallowed Claims Order");

(d) The Disallowed Claims Order will (a) highlight any modifications made to the Disallowed Claims Schedule, if any, to reflect agreements reached to resolve any formal or informal Disallowed Claims Objections; and

(e) Any claimant or other interest party who does not timely file a Disallowed Claims Objection shall be barred from subsequently asserting a claim based on a disallowed claim against the Debtor.

10. After the claims disallowance process and Claims Resolution Process have been completed, all distributions have been made, final fee applications have been adjudicated and all accrued and as yet unpaid fees owing to the United States Trustee have been paid, the Debtor will file with the Court a Certification of Counsel and Request for Entry of the Proposed Order Dismissing Chapter 11 Case, substantially in the form annexed to the Motion as Exhibit E (the "Dismissal Order"). The Certification of Counsel and Request for Entry of the Proposed Dismissal Order will, among other things, (a) verify that distributions on account of Allowed

Claims were made by the Debtor's counsel, (b) confirm that all accrued United States Trustee's fees have been paid, and (c) request entry of the Dismissal Order.

11. The Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or relating to the implementation of this or any other Order of this Court entered in this chapter 11 case.

12. To the extent applicable, Bankruptcy Rule 6004(h) is waived and this Order shall be effective and enforceable immediately upon entry.

Date: Wilmington, Delaware
August 12, 2015

_____
Honorable Mary F. Walrath
United States Bankruptcy Judge